Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
Joshua G. Simon, Bar No. 264714
  jsimon@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Quincy Bioscience, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUINCY BIOSCIENCE, LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No.  3:15-cv-00292 HSG<br><br>**DEFENDANT QUINCY BIOSCIENCE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 30, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 15 – 18th Floor<br>       450 Golden Gate Avenue<br>       San Francisco CA 94102<br><br>Complaint Filed:  January 21, 2015<br>Trial Date:           None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 30, 2015m at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the United States District Court for the Northern District of California, located on the 18th Floor at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Quincy Bioscience, LLC ("Quincy") will and hereby moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) (the "Motion") because Plaintiff's First Amended Complaint ("FAC") fails to state a claim upon which relief can be granted on the grounds that:

1. Plaintiff's FAC rests entirely on a legally impermissible substantiation claim. This Court has repeatedly held these types of causes of action—alleging a lack of substantiation of an advertising representation—may not be asserted by private litigants and are not sufficient to state a claim for violation of California's False Advertising Law ("FAL"), California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200 and 17500), or the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, et seq.)).

2. Plaintiff lacks standing to pursue his claims because he fails to allege any facts showing that he suffered an injury in fact.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

Dated: March 9, 2015   CALL & JENSEN,
A Professional Corporation
Matthew R. Orr
Joshua G. Simon


By:  /s/ Joshua G. Simon
Joshua G. Simon

Attorneys for Defendant Quincy Bioscience, LLC

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

II. BACKGROUND AND SUMMARY OF ALLEGED FACTS ............................... 2

    A. Plaintiff Purportedly Purchased Prevagen® Once After Reading the Prevagen® Label. ................................................................ 2

    B. Plaintiff Offers No Supporting Evidence Showing That Prevagen® Did Not Or Could Not Work As Advertised. .............................. 2

    C. Plaintiff Argues Without Any Support That The Competent And Reliable Evidence Standard Cannot Be Met Without Evidence From A Randomized Clinical Trial. ............................................. 2

    D. Contrary To Plaintiff's Empty Allegations, Prevagen®'s Advertising Claims Are Substantiated by Competent and Reliable Scientific Evidence that Conforms to FTC, DSHEA, and NAD Substantiation Standards. ................................................. 4

III. THE LEGAL STANDARDS GOVERNING THIS MOTION ............................... 6

IV. ARGUMENT ........................................................................................................... 8

    A. Plaintiff's Allegations Constitute A Non-Actionable Substantiation Claim. ............................................................................... 8

    B. Plaintiff Fails To Plead A UCL or CLRA Claim Based On A Plausibly False Statement. ........................................................................ 9

    C. Plaintiff Lacks Standing To Bring This Lawsuit ........................................ 11

        1. Plaintiff Has Not Alleged Any Facts Supporting An Injury in Fact. .............................................................................. 11

        2. Plaintiff Lacks Standing To Seek Injunctive Relief And Cannot Premise Standing On Any Threatened Harm To Putative Class Members. ............................................. 12

V. CONCLUSION ...................................................................................................... 13

QUI09-02:1451864_1:3-9-15      - i -

DEFENDANT QUINCY BIOSCIENCE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Allen v. Similasan Corp.*,
  2013 WL 5436648 (S.D. Cal. Aug. 7, 2013) ................................................................12

*Arroyo v. Pfizer, Inc.*,
  2013 WL 415607 (N.D. Cal. Jan. 31, 2013) ............................................................9, 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................6, 7, 9, 10

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ..........................................................................................7

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) ........................................................................................12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................1, 7, 9, 10

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ........................................................................................11

*Castagnola v. Hewlett- Packard Co.*,
  2012 WL 2159385 (N.D. Cal. June 13, 2012) ............................................................12

*Damabeh v. 7-Eleven, Inc.*,
  2012 WL 4009503 (N.D. Cal. Sept. 12, 2012) ............................................................10

*Delarosa v. Boiron, Inc.*,
  2012 WL 8716658 (C.D. Cal. Dec. 28, 2012) ............................................................12

*Dorfman v. Nutramax Labs., Inc.*,
  2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ............................................................12

*Eckler v. Wal-Mart Stores, Inc.*,
  2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) ..........................................................8, 10

**TABLE OF AUTHORITIES (cont'd)**

Page

*Edwards v. Marin Park, Inc.*,
 356 F.3d 1058 (9th Cir. 2004) ................................................................................ 8

*Engel v. Novex Biotech LLC*,
 2015 WL 846777 (N.D. Cal. Feb. 25, 2015) ........................................................ 8, 9

*Fraker v. Bayer Corp.*,
 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ........................................................... 8

*Freeman v. ABC Legal Servs., Inc.*,
 2012 WL 2589965 (N.D. Cal. July 3, 2012) ......................................................... 12

*Granfield v. NVIDIA Corp.*,
 2012 WL 2847575 (N.D. Cal. July 11, 2012) ....................................................... 12

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) ............................................................................ 7, 8

*Kwan v. SanMedica Int'l, LLC*,
 2014 WL 5494681 (N.D. Cal. Oct. 30, 2014) ........................................................ 8

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ............................................................................................. 12

*Mason v. Nature's Innovation, Inc.*,
 2013 WL 1969957, at * (S.D. Cal. May 13, 2013) ............................................... 13

*O'Shea v. Littleton*,
 414 U.S. 488 (1974) ............................................................................................. 11

*Stanley v. Bayer Healthcare LLC*,
 2012 WL 1132920 (S.D. Cal. Apr. 3, 2012) .......................................................... 8

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ............................................................................... 7

*Stevens v. JPMorgan Chase Bank, N.A.*,
 2010 WL 329963 (N.D. Cal. Jan. 20, 2010) ........................................................ 10

# TABLE OF AUTHORITIES (cont'd)

Page

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
 529 U.S. 765 (2000) ...........................................................................................................11

## STATE CASES

*Kwikset Corp. v. Super. Ct.*,
 51 Cal. 4th 310 (2011) ......................................................................................................11

*Meyer v. Sprint Spectrum L.P.*,
 45 Cal. 4th 634 (2009) ......................................................................................................11

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
 107 Cal. App. 4th 1336 (2003) ...........................................................................................8

## FEDERAL STATUTES

15 U.S.C. § 45 et seq. ...............................................................................................................8

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ...............................................................................................1

Cal. Bus. & Prof. Code § 17204 .............................................................................................11

Cal. Bus. & Prof. Code § 17535 .............................................................................................11

Cal. Civ. Code § 1750. ..............................................................................................................1

Cal. Civ. Code § 1780(a) ........................................................................................................11

## FEDERAL RULES

Fed. R. Civ. Pro. 8(a)(2) ...........................................................................................................6

Fed. R. Civ. Pro. 9(b) ................................................................................................................7

Fed. R. Civ. Pro. 12(b)(1) .......................................................................................................12

Fed. R. Civ. Pro. 12(b)(6) ...................................................................................................7, 10

## OTHER AUTHORITIES

FTC, *Dietary Supplements: An Advertising Guide for Industry* (Apr. 2001) ................................................................................................3, 4

# TABLE OF AUTHORITIES (cont'd)

Page

FDA, *Guidance for Industry: Substantiation for Dietary Supplement Claims Made Under Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act* (Dec. 2008) ................................................................................. 3, 4

*Novartis Corp.*,
   127 F.T.C. 580 (1999) ........................................................................................ 5

*Pfizer*,
   81 F.T.C. at 69 .................................................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Phillip Racies ("Plaintiff") contends, on behalf of a putative California-only or multi-state class of consumers, that a memory support product manufactured and marketed by Defendant Quincy Bioscience, LLC ("Defendant" or "Quincy") does not work as advertised.  Plaintiff asserts that Quincy violated California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200) and the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, et seq.) by advertising allegedly "false or misleading" statements about the product's benefits for brain function and memory.  Plaintiff, however, appears to have forgotten that empty-headed conclusions of law, without alleged factual support, are insufficient to state a claim under the UCL or CLRA.  Plaintiff fails to cite any facts whatsoever that any of Quincy's advertising claims are false or misleading.  Plaintiff fails to allege any studies refuting any of the advertising claims.  Plaintiff neither alleges that he used the product for any period of time as directed nor cites any evidence showing that the product did not work as advertised.  Plaintiff must plead facts adding up to a plausible claim.  Plaintiff has not done so as Plaintiff's case amounts to nothing more than an impermissible substantiation claim. This Court and others have repeatedly held that such allegations are not actionable by private individuals.

In any event, Plaintiff cannot cure his case as Quincy's advertising statements are substantiated by reliable and credible evidence. Plaintiff further fails to allege any facts showing that he suffered an injury in fact and, therefore, lacks standing. Plaintiff also cannot seek injunctive relief because he does not allege he will ever purchase the product at issue again.

For these reasons discussed more fully below, the Court should dismiss the First Amended Complaint ("FAC") with prejudice now, "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## II. BACKGROUND AND SUMMARY OF ALLEGED FACTS

### A. Plaintiff Purportedly Purchased Prevagen® Once After Reading the Prevagen® Label.

Plaintiff purports he purchased a Prevagen® product for $27.99 at a Walgreens in San Rafael, California after reading the product's label on September 25, 2014.  (FAC ¶ 20.)  Plaintiff alleges he relied on two representations on the label in purchasing the product: "(1) that the Products are 'clinically tested' to 'improve[] memory' and 'support[]: healthy brain function, sharper mind, and clearer thinking' and (2) that Prevagen® is 'clinically tested' to 'improve memory within 90 days' . . . ."  (FAC ¶ 1.)

### B. Plaintiff Offers No Supporting Evidence Showing That Prevagen® Did Not Or Could Not Work As Advertised.

Plaintiff states in conclusory fashion that the Prevagen® product he purchased "did not and could not improve memory or support healthy brain function as represented."  (FAC ¶ 20.)  Plaintiff, however, fails to allege a single fact or solitary study supporting that conclusory statement.  Plaintiff offers only a single allegation that he "consumed" the product.  (*Id.*)  Plaintiff does not allege how long he consumed Prevagen®, let alone for ninety days, or whether or not he consumed Prevagen® as directed on the product's label.  Plaintiff fails to cite to any study or test showing that Prevagen® did not or could not work.  Plaintiff's only argument is that no randomized controlled clinical trials ("RCTs") exist to support the advertising claims on Prevagen®'s label.  (FAC ¶ 11.)  That purported fact, of course, does not prove that Prevagen® did not or could not work for Plaintiff.  As discussed below, Plaintiff's case amounts to nothing more than a lack of substantiation claim, which is not actionable.

### C. Plaintiff Argues Without Any Support That The Competent And Reliable Evidence Standard Cannot Be Met Without Evidence From A Randomized Clinical Trial.

Plaintiff argues there is no competent and reliable evidence that Prevagen® provides the advertised benefits for brain function and memory because no RCTs exist to substantiate those claims.  (FAC ¶¶ 11, 12.)  This argument is flawed because it relies

on the false premise that the "competent and reliable evidence" standard requires evidence from RCTs. That is not the law.[1]

Since DSHEA's enactment in 1994, both the FTC and FDA have issued guidance documents for the dietary supplement industry that describe the amount, type, and quality of evidence that dietary supplement manufacturers should have in order to substantiate that a claim made about a dietary supplement is truthful and not misleading. *See* FTC, *Dietary Supplements: An Advertising Guide for Industry* (Apr. 2001), *available at* http://www.ftc.gov/system/files/documents/plain- language/bus09-dietary-supplements-advertising-guide-industry.pdf ("FTC Guidance"); FDA, *Guidance for Industry: Substantiation for Dietary Supplement Claims Made Under Section 403(r)(6) of the Federal Food, Drug, and Cosmetic Act* (Dec. 2008)*, available at* http://www.fda.gov/food/guidanceregulation/guidancedocumentsregulatoryinformation/ucm073200.htm ("FDA Guidance").

These guidance documents are the only publications through which the FTC and FDA have communicated, broadly, to the entire industry, current agency thinking regarding the evidence necessary to substantiate non-disease claims made about dietary supplements. The dietary supplement industry thus has relied heavily for many years on these guidance documents in evaluating whether there is adequate evidence to substantiate a given non-disease claim.

Both guidance documents establish that health benefit claims for dietary supplements must be substantiated by "competent and reliable scientific evidence," which is defined as:

> tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

---

[1] In any event, at least one of Quincy's studies meets the definition of an RCT.

*See, e.g.*, FTC Guidance at 9.

Contrary to Plaintiff's assumption that RTCs are the end-all-be-all study, both the FTC and FDA guidance documents clearly communicate that there is "*no fixed formula* for the number or type of studies required" to substantiate a health benefit claim. FTC Guidance at 9 (emphasis added); *see also* FDA Guidance ("*there is no pre-established formula* as to how many or what type of studies are needed to substantiate a claim . . .") (emphasis added). Further, both guidance documents identify a range of evidence that could help provide competent and reliable scientific evidence in support of a health benefit claim. *See e.g.*, FTC Guidance at 10; FDA Guidance. Finally, the FTC acknowledges that advertisers may consider whether it may be appropriate to "extrapolate from the research to the claimed effect," FTC Guidance at 16, and provides that in certain circumstances it could be "scientifically sound to make such extrapolations." *Id*. at 17.

### D. Contrary To Plaintiff's Empty Allegations, Prevagen®'s Advertising Claims Are Substantiated by Competent and Reliable Scientific Evidence that Conforms to FTC, DSHEA, and NAD Substantiation Standards.

Plaintiff has not alleged any facts to support his conclusory allegation that Prevagen® does not work as advertised because he cannot do so. Prevagen® advertising claims are substantiated by competent and reliable scientific evidence, including two human clinical trials[2] that have been completed on the Prevagen® product itself. The first was a double-blind, placebo controlled study. The second was an open label study. Both unequivocally support all advertising claims for Prevagen®.

The double-blind, placebo controlled human clinical trial studied the effects of Prevagen® on memory and cognitive functioning in older adults.[3] This study would

---

[2] Quincy's clinical trial summaries are publicly available and accessible online at http://www.prevagen.com/research/.

[3] Mark Underwood, Peggy Sivesind, and Taylor Gabourie. The Effects of the Calcium Binding Protein Apoaequorin on Memory and Cognitive Functioning in Older Adults. *Alzheimer's & Dementia: The Journal of the Alzheimer's Association,* Vol. 7, Issue 4, Supplement, Page 65, July 1, 2011.

qualify as an RCT, surely by Plaintiff's standards. (FAC ¶ 6.)  The study was conducted using 218 human subjects who consumed either one (1) 10 mg capsule of apoaequorin (the Prevagen® dietary supplement) or a placebo capsule.  The results of the clinical trial indicated a significant relationship between Prevagen® and improvements on several quantitative measurements of cognitive function, including memory.  Over the three month period, participants saw a significant positive change in verbal learning, memory, delayed recall and executive function.

A 90-day, open-label human clinical study measured changes in overall cognition on 56 subjects who consumed Prevagen®.  The results of the study indicated that subjects felt less forgetful, experienced improved word recall and memory, and reduced the need for reminders.  This 90-day Prevagen® study also measured changes in sleep quality.  Participants who consumed Prevagen® and initially reported occasional poor sleep quality showed significant improvement in the quality of their sleep.  In addition to clinical trials, Prevagen®'s main ingredient, apoaequorin, is the subject of a number of patents, one of which has been issued to Quincy, as well as a number of journal articles outlining its utility and extensive safety testing.

The competent and reliable scientific evidence substantiating Prevagen® advertising claims confirm to the substantiation standards of the United States Federal Trade Commission ("FTC") and the National Advertising Division ("NAD").  FTC has customarily required that claims be substantiated by competent and reliable scientific evidence. *Novartis Corp.,* 127 F.T.C. 580, 725 (1999).  As discussed above, competent and reliable scientific evidence is broadly defined.  More recently, the randomized, double-blind, placebo-controlled clinical trial has been considered to be the "gold standard" for claim substantiation.[4]  FTC has also permitted claims to be supported by lab testing and/or medical literature.[5]  Also, in assessing whether claims concerning

---

[4] Randal Shaheen and Amy Ralph Mudge. Has the FTC Changed the Game on Advertising Substantiation? *Antitrust*, Vol. 25, No. 1, Fall 2010.
[5] Rorer v. Am. Home Prods., No. 83 Civ. 7908 (S.D.N.Y. Mar. 7, 1984) (decision finding that a claim that product neutralized stomach acid faster was substantiated by neutralizing acid in a beaker as in

Continued on the next page

dietary supplements are substantiated, the FTC looks to the totality of evidence available as opposed to individual studies.[6]

NAD reviewed substantiation for a dietary supplement intended to improve memory and support brain function.[7] In its review, the NAD noted that a double-blind, placebo controlled study examining the effects of a combination nutraceutical formula on cognitive functioning and mood supported various memory and cognitive function related claims including use of an establishment claim such as "clinically shown".[8] NAD has also in the past found establishment claims to be substantiated by "reliable, well-controlled clinical testing on the advertised product."[9] In a review of another dietary supplement product intended to support weight loss, the NAD noted that a single randomized, double-blind, placebo controlled study in 118 human subjects, which produced statistically significant results constituted "reliable scientific evidence to support its establishment claim."[10] NAD, in this case, also noted that additional studies on the main ingredient also "provided support for the overall quality of the substantiation." *Id.*

### III. THE LEGAL STANDARDS GOVERNING THIS MOTION

Setting the science aside, Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The statement must contain "sufficient factual matter, accepted as true, to state a claim for relief that is **plausible** on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes omitted, emphasis added). A complaint must be dismissed

---

Continued from the previous page
vivo studies too difficult and imprecise); *Pfizer*, 81 F.T.C. at 69 (claim for topical analgesic could be supported by nonclinical evidence, such as medical literature).
[6] Dietary Supplement: An Advertising Guide for Industry. U.S. Federal Trade Commission. http://business.ftc.gov/documents/bus09-dietary-supplements-advertising-guide-industry (Apr 2001 ).
[7] The National Advertising Division (NAD), a division of the Council of Better Business Bureaus (CBBB) monitors and evaluates truth and accuracy in advertising. The NAD reviews and analyzes a wide range of advertising claims, including puffery, consumer surveys, product testing and product demonstrations, taste tests, pricing claims, and disclosures.
[8] Brain Research Labs, LLC (Procera A VH), Report #5073 *NAD Case Reports* (2009).
[9] Sensa Products, LLC (Sensa Weight Loss System), Report #5072 *NAD Case Reports* (2009).
[10] Soft Gel Technologies, Inc. (PureGels Clarinol™ CLA), Report #4911 *NAD Case Reports* (2009).



under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Before a case can proceed, non-conclusory factual allegations must "raise a right to relief above the speculative level" and "some threshold of plausibility must be crossed at the outset". *Twombly*, 550 U.S. at 555 (quotations omitted). A claim must be dismissed where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *overruled on other grounds by Twombly*, 550 U.S. at 562–63. This standard provides a critical gatekeeping function, because claims must be sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Under the *Iqbal-Twombly* pleading standard, therefore, a court should undertake a two-pronged inquiry to determine whether a complaint meets the Rule 8 threshold. First, it should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678. Second, looking only to the well-pled factual allegations, the court must determine whether, taken as true, "they plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Rule 9(b) of the Federal Rules of Civil Procedure requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." Where—as here—UCL and CLRA claims sound in fraud, Rule 9(b) also applies. *Kearns v. Ford Motor*



*Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Eckler v. Wal-Mart Stores, Inc.*, Case No. 12-CV-727-LAB-MDD, 2012 WL 5382218, *5 n. 6 (S.D. Cal. Nov. 1, 2012) (applying Rule 9(b)'s heightened pleading standard to allegations under UCL and CLRA regarding advertisements for dietary supplement). Accordingly, a plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct," including "the 'who, what, when, where, and how' of the misconduct charged," *Kearns*, 567 F.3d at 1124 (citations omitted), and "the time, place, and specific content of the false representations," *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citations omitted).

## IV. ARGUMENT

### A. Plaintiff's Allegations Constitute A Non-Actionable Substantiation Claim.

Plaintiff's allegation that "No such RCTs exist to substantiate the brain function and memory benefits" advertised by Prevagen®, (FAC ¶ 11), constitutes a non-actionable substantiation claim. It is well-settled that UCL and CLRA claims cannot be based on an alleged lack of substantiation. *Engel v. Novex Biotech LLC*, 2015 WL 846777, *5 (N.D. Cal. Feb. 25, 2015)("Courts have repeatedly held that actions based on such allegations are not actionable by private individuals."); *Kwan v. SanMedica Int'l, LLC*, 2014 WL 5494681, at *3 (N.D. Cal. Oct. 30, 2014); *Stanley v. Bayer Healthcare LLC*, No. 11 cv 862, 2012 WL 1132920, at *6 (S.D. Cal. Apr. 3, 2012) ("[A] Plaintiff may not pursue a claim under the UCL or CLRA based upon lack of substantiation."); *Fraker v. Bayer Corp.*, No. CV 08-1564, 2009 WL 5865687, at *7 (E.D. Cal. Oct. 6, 2009) (dismissing California false advertising claims alleging lack of substantiation as an "attempt to shoehorn an allegation of the Federal Trade Commission Act, 15 U.S.C. § 45 et seq. ('FTCA'), into a private cause of action"); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1344 (2003) ("Prosecuting authorities, but not private plaintiffs, have the administrative power to request advertisers to substantiate advertising claims" under

California law). Thus, Plaintiff's allegations that Defendant's claims are not substantiated by an RCT "cannot serve as a basis to assert claims under either UCL or CLRA." *Engel*, 2015 WL 846777, at *6.

### B. Plaintiff Fails To Plead A UCL or CLRA Claim Based On A Plausibly False Statement.

There is no other basis on which Plaintiff can come even close to satisfying the *Iqbal-Twombly* pleading standards. All the allegations underlying Plaintiff's false advertising claims are "bare assertions" or "conclusions" that are not entitled to an assumption of truth. There are absolutely no supporting facts that Quincy's representations are "false," "untrue," or "misleading." (*See, e.g.*, FAC ¶¶ 11, 20.) Plaintiff does not even allege he used Prevagen® for any period of time as directed or that it failed to perform as advertised.

Without Plaintiff's bare assertions and conclusions, the only fact afforded an assumption of truth is that Plaintiff purchased and consumed an unspecified amount of Prevagen®. (FAC ¶ 20.) Certainly, this fact alone cannot give rise to a plausible claim under the UCL or CLRA. The basic factual allegations of how Plaintiff came to the conclusion that Prevagen® allegedly did not or cannot support the advertising claims (e.g., clinical studies showing that the product did not perform as expected, personal experience with the product, etc.) are nowhere to be found in the Complaint. Plaintiff must allege facts from which it can reasonably be inferred that the advertising claims are indeed false, and that he has a plausible claim on which relief can be granted. The Complaint, however, includes no such facts and fails to put Quincy on reasonable notice of the claims against it.

Indeed, federal courts in California have dismissed UCL and CLRA claims on *Iqbal-Twombly* grounds when faced with complaints similarly lacking in detail. In *Arroyo v. Pfizer, Inc.*, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013), for example, the plaintiff claimed Pfizer violated the FAL, UCL, and CLRA because the dietary supplement, "'Pro Nutrients[,] does not support healthy immune function as advertised,

and provides no benefit to an individual's immune system.'" *Id.* at *1. The court granted a motion to dismiss under FRCP 12(b)(6) because "Plaintiff fail[ed] to plead any underlying factual premise that would justify her *factual conclusion* that Pro Nutrients 'does not support healthy immune function.'" The Court held, "Without facts substantiating why the product does not work as advertised or explaining why Defendant's statements were false or misleading, the complaint fails to allege" a plausible claim. *Id*. at *4. Like the plaintiff in *Arroyo v. Pfizer*, Plaintiff similarly fails to plead any factual support for his assertion that Prevagen® does not work as advertised. Here, however, the Complaint is even worse off because Plaintiff does not even allege he used the product as directed.

Similarly, the plaintiff in *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) claimed that Wal-Mart violated the UCL, FAL, and CLRA by advertising that its dietary supplement, Equate, was "formulated to help support joint comfort and rebuild cartilage and lubricate joints." *Id.* at *3 n.4 (internal quotation omitted). The plaintiff alleged that the supplement "did not rebuild her cartilage, lubricate her joints or improve her joint comfort as represented," but the plaintiff did not include additional factual allegations about her own experience with the product. *Id.* at *3 n.2. The court found this bare allegation insufficient to meet the standards of *Iqbal-Twombly*, noting that the plaintiff "needs to say far more than, in essence, 'I took Equate and didn't feel any better.'" *Id.* at *8; s*ee also Damabeh v. 7-Eleven, Inc.*, 2012 WL 4009503, at *7 (N.D. Cal. Sept. 12, 2012) (dismissing UCL and FAL claims under *Iqbal* where the "allegation that Defendant interfered with Plaintiff's sale of his store lacks any support (e.g. facts regarding what Defendant did to interfere with the sale of Plaintiff's store)"); *Stevens v. JPMorgan Chase Bank, N.A.*, 2010 WL 329963, at *5 (N.D. Cal. Jan. 20, 2010) (dismissing FAL claim for failure to allege "any specific information regarding [the] alleged misleading advertisements"). Again, the Complaint here is even more barebones than that in *Eckler* because Plaintiff does not even allege

he took Prevagen® as directed or any facts whatsoever supporting his bare allegation that the product did not work.

Plaintiff's failure to cite a single fact or study challenging the truth of the Prevagen® advertising claims is notable. That is because there is no such study, and the competent and reliable scientific evidence substantiating the Prevagen® advertising claims is overwhelming as shown above. This lawsuit should be dismissed with prejudice.

### C. Plaintiff Lacks Standing To Bring This Lawsuit

#### 1. Plaintiff Has Not Alleged Any Facts Supporting An Injury in Fact.

Not only should this case be dismissed on account of Plaintiff's failure to plead any facts whatsoever in support of his bald assertion that the Prevagen® advertising statements are not substantiated, it should also be dismissed because Plaintiff lacks standing to sue Defendant. Article III requires plaintiffs to establish an "actual" and "concrete" injury in fact that is particularized to them. *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *see also Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) (no Article III standing where plaintiffs failed to allege injury that was "concrete and particularized as to themselves"). Similarly, the CLRA, UCL, and FAL also require a showing of injury and causation, (*see* Cal. Civ. Code § 1780(a); Cal. Bus. & Prof. Code §§ 17204, 17535), and private plaintiffs must have entered into a transaction with the defendant in order to have standing to pursue these claims. *See*, *e.g.*, *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 317 (2011) ("[T]hose who have not engaged in any business-dealings with" defendants lack standing for UCL/FAL claims); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009) (same for CLRA claims). In the context of class actions, the Supreme Court has stated, "if none of the named plaintiffs purporting to represent a class establishes the requisites of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Plaintiff fails to allege any facts showing that he suffered an injury in fact. (FAC ¶ 20.) Plaintiff does not allege that he used Prevagen® for any specified period of time or as directed. Nor does Plaintiff allege any facts showing that the product did not work. Because Plaintiff fails to allege facts showing that he suffered an injury in fact, he lacks standing to pursue his claims. *See Granfield v. NVIDIA Corp.*, No. C 11–05403, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012). This fatal deficiency requires the dismissal of all claims in this Action under Rule 12(b)(1).

### 2. Plaintiff Lacks Standing To Seek Injunctive Relief And Cannot Premise Standing On Any Threatened Harm To Putative Class Members.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). A plaintiff seeking prospective injunctive relief "must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (citations and internal quotations omitted). A plaintiff alleging that a defendant may harm others but is unlikely to harm the plaintiff again lacks Article III standing to pursue injunctive relief. *See Freeman v. ABC Legal Servs., Inc.*, No. C–11–3007, 2012 WL 2589965, at *6-8 (N.D. Cal. July 3, 2012).

Federal courts consistently dismiss UCL and CLRA claims for injunctive relief when there is no likelihood that the plaintiffs will purchase the challenged products again. *See, e.g.*, *Delarosa v. Boiron, Inc.*, No. 10-cv-01569, 2012 WL 8716658, at *8 (C.D. Cal. Dec. 28, 2012); *Castagnola v. Hewlett- Packard Co.*, No. 11-05772, 2012 WL 2159385, at *6 (N.D. Cal. June 13, 2012); *Dorfman v. Nutramax Labs., Inc.*, Case No. 13cv0873 WQH (RBB), 2013 WL 5353043, at *5 (S.D. Cal. Sept. 23, 2013); *Allen v. Similasan Corp.*, Case No. 12cv0376-BTM-WMC, 2013 WL 5436648, at *6 (S.D.

Cal. Aug. 7, 2013); *Mason v. Nature's Innovation, Inc.*, No. 12cv3019 BTM(DHB), 2013 WL 1969957, at * (S.D. Cal. May 13, 2013).

Plaintiff has not alleged he will purchase Prevagen® again.  Given that Plaintiff alleges that Prevagen® is falsely advertised as effective, Plaintiff cannot plausibly argue that he will purchase the challenged product again.  (*See, e.g.*, FAC ¶ 10.)  Thus, there is no chance that Plaintiff will suffer any future injury from any purported misrepresentation.  Plaintiff, therefore, lacks standing to seek injunctive relief.

## V.   CONCLUSION

For the foregoing reasons, Quincy respectfully requests that the Court dismiss this action with prejudice.

Dated: March 9, 2015

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
Joshua G. Simon


By: */s/ Joshua G. Simon*
    Joshua G. Simon

Attorneys for Defendant Quincy Bioscience, LLC