Matthew R. Orr, Bar No. 211097
  morr@calljensen.com
Joshua G. Simon, Bar No. 264714
  jsimon@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Quincy Bioscience, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUINCY BIOSCIENCE, LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No.  3:15-cv-00292 HSG<br><br>**[PROPOSED] STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br><br>Complaint Filed:   January 21, 2015<br>Trial Date:          None Set |

## 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

/ / /

/ / /

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.    LIAISON**

The parties have identified liaisons who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.    PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)    The parties will agree on a reasonable limitation to the time period for preserving ESI;

b)    The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.  The parties shall add or remove custodians as reasonably necessary;

c)    The parties will agree on the number of custodians per party for whom ESI will be preserved; and

d)    ESI from data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) will be preserved but not searched, reviewed, or produced:

/ / /

**5.    SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.    PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, native, paper, or a combination thereof.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree not to degrade the searchability of documents as part of the document production process and agree to preserve existing metadata associated with original electronic documents and to meet and confer regarding its production.

The parties agree to produce imaged documents with a legible, unique page identifier ("Bates Number") electronically "burned" onto the image in a location that does not obscure or interfere with any information from the source document.  Any confidential documents will be marked as such with a legend "burned" onto the image in a location that does not obscure or interfere with any information from the source document.  The parties shall confer on an appropriate method for applying a unique identifier to any documents produced in native format.

**7.    PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI.  Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8.    DOCUMENTS PROTECTED FROM DISCOVERY**

a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected

[PROPOSED] STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)      The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege.

c)      Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate (e.g., e-mail chains, etc.).

**9.      MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**10.     CONFIDENTIALITY**

The parties incorporate the provisions of any discovery confidentiality order and/or protective order concerning protection of confidential or otherwise sensitive information that may be agreed to by the parties and/or entered by the Court.  For the avoidance of doubt, nothing in this Stipulation shall supersede or alter any discovery confidentiality order and/or protective order concerning protection of confidential or otherwise sensitive information that may be agreed to by the parties and/or entered by the Court.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 10, 2015        */s/ Max Stein*
                            Max Stein, Counsel for Plaintiff, Phillip Racies

Dated: July 10, 2015        */s/ Joshua G. Simon*
                            Joshua G. Simon, Counsel for Defendant, Quincy Bioscience, LLC

/ / /

/ / /



<u>SIGNATURE ATTESTATION</u>

     I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

                                */s/ Joshua G. Simon*_____
                                  Joshua G. Simon

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 7/15/2015

_____
UNITED STATES DISTRICT/~~MAGISTRATE~~
JUDGE

QUI09-02:1534145_1:7-10-15

~~[PROPOSED]~~ STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1

### <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 10, 2015, I electronically filed the foregoing

3

document described as **[PROPOSED] STIPULATED ORDER RE DISCOVERY**

4

**OF ELECTRONICALLY STORED INFORMATION** with the Clerk of the Court

5

using the CM/ECF System which will send notification of such filing via electronic

6

mail to all counsel of record.

7

8

*/s/ Joshua G. Simon*

9

Joshua G. Simon

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION