UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES,<br><br>        Plaintiff,<br><br>    v.<br><br>QUINCY BIOSCIENCE, LLC,<br><br>        Defendant. | Case No. 15-cv-00292-HSG<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 57 |

Pending before the Court is Plaintiff Phillip Racies' motion to file under seal his motion for partial summary judgment and an associated exhibit. Dkt. No. 57. No opposition to the motion to seal was filed, and the time to do so has passed.

**I.  LEGAL STANDARD**

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record related to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'

such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Because Plaintiff's motion for partial summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard to the pending motions to seal.

## II. DISCUSSION

On November 3, 2015, Plaintiff filed an administrative motion to file under seal his motion for partial summary judgment, and exhibit B to the declaration of Patricia N. Syverson in support

thereof. Dkt. No. 57. Plaintiff seeks to redact the entirety of the documents. *Id.*

As justification for sealing the documents, Plaintiff states that his motion for partial summary judgment "references and quotes extensively from the Expert Report of Richard P. Bazinet, Ph.D. that has been designated 'Confidential' [under the parties' Protective Order] because it references documents that Defendant has designated as 'Confidential.'" Dkt. No. 57-1 ¶ 3. Exhibit B to the declaration of Patricia N. Syverson is Dr. Bazinet's expert report. *Id.* ¶ 4. Designating party and Defendant Quincy Biosciences, LLC did not file a declaration in support of Plaintiff's motion to seal, as required in this situation under the Local Rules. *See* Civ. L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.").

The Court therefore DENIES Plaintiff's motion to seal. If Defendant does not file a responsive declaration in accordance with the Local Rules within four days of the date of this Order, Plaintiff may publicly file his motion for partial summary judgment and exhibit B to the Syverson Declaration. *See* Civ. L.R. 79-5(e)(2). In the future, the parties are directed to strictly comply with Local Rule 79-5 when seeking to file documents under seal.

**IT IS SO ORDERED.**

Dated: November 10, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge