UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUSGRAVE,<br><br>    Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-04505-HSG<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT CONSOLIDATE THE *RACIES* AND *MUSGRAVE* CASES** |
| PHILLIP RACIES,<br><br>    Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE, LLC,<br><br>    Defendant. | Case No. 15-cv-00292-HSG |

      Before the Court are the actions entitled *Racies v. Quincy Bioscience, LLC, et al.*, Case No. 15-cv-00292, and *Musgrave v. Quincy Bioscience, LLC, et al.*, Case No. 15-cv-04505. The *Racies* action was reassigned to the Court on February 23, 2015, and the *Musgrave* action was reassigned to the Court on October 8, 2015. The *Racies* case is a putative class action alleging violations of California's consumer protection laws on behalf of a multi-state or, alternatively, California-only class of persons who purchased Defendants'[1] Prevagen line of products. The *Musgrave* case is also a putative class action alleging violations of California's consumer protection laws on behalf of a California-only class of persons who purchased Defendants' Prevagen line of products. Both

---

[1] Quincy Bioscience, LLC is a named defendant in both actions, while Quincy Bioscience Holding Co. is a named defendant only in the *Musgrave* action. For ease of reference, the Court refers to them collectively as "Defendants" in this Order.

complaints allege that Defendants misrepresented the efficacy of the Prevagen products.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  The "district court has broad discretion under this rule to consolidate cases pending in the same district," *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989), and may exercise that authority *sua sponte*, *see Golden Gate Bridge, Highway & Transp. v. Golden Gate Bridge, Highway & Trans. Dist.*, No. 13-cv-05875, 2014 WL 6706827, at *2 (N.D. Cal. Nov. 24, 2014) (*sua sponte* consolidation).  "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotation omitted).

The *Racies* and *Musgrave* actions appear to warrant *sua sponte* consolidation under Rule 42(a).  Both Plaintiffs allege that Defendants violated California's consumer protection laws through misrepresentations made while selling the Prevagen line of products, although Plaintiff Musgrave's complaint includes additional allegations under California's False Advertising Law.  In fact, Defendants filed a notice of pendency of other action on the docket in the *Musgrave* action regarding the *Racies* action, Dkt. No. 10 ("Notice"), stating that the actions were "substantively indistinguishable" because Plaintiff Phillip Racies "purchased the identical product" as Plaintiff Rick Musgrave "from the same defendant" and their actions are "based upon the same arguments, claims, and purported science."  Not. at 1.  Despite these statements, Defendants did not file an administrative motion to relate the cases, as required under Civil Local Rule 3-12(a), or move for consolidation.  And during the initial case management conference in the *Musgrave* action, Plaintiff also seemed to acknowledge that the actions were legally and factually related.

For the reasons set forth above, the Court hereby **ORDERS** the parties in both the *Racies* and *Musgrave* actions to show cause why these seemingly overlapping cases should not be *sua sponte* consolidated under Rule 42(a).  The parties should address the factors set forth in *Zhu* (and any other relevant case law) and discuss whether the *Musgrave* action should also be subject to the

2

1 pending summary judgment motion in the *Racies* action. The parties must submit their briefs
2 within five days of this Order and are subject to a five-page limit. Briefs are to be submitted on
3 the parties' respective dockets. This Order has been filed in both cases.

**IT IS SO ORDERED.**

Dated: January 20, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge