UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP RACIES,

    Plaintiff,

v.

QUINCY BIOSCIENCE, LLC,

    Defendant.

Case No. 15-cv-00292-HSG

**ORDER DENYING MOTIONS TO SEAL**

Re: Dkt. Nos. 122, 127, 131

Pending before the Court are the parties' motions to file under seal portions of their class certification briefs and associated exhibits. Dkt. Nos. 122, 127, 131. No response to the motions to seal was filed, and the time to do so has passed.

## I. LEGAL STANDARD

"[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Because the motion for class certification is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the motions to seal.

**II. ANALYSIS**

On October 13, 2017, Plaintiff Phillip Racies filed an administrative motion to file under seal portions of his motion for class certification, as well as Exhibits A, F, and K to the declaration

1  of Patricia N. Syverson in support thereof. Dkt. No. 122. Plaintiff explained that Exhibits A and
2  F contain Defendant's internal sales and marketing data and Exhibit K contains excerpts from
3  Plaintiff's deposition. *See* Dkt. No. 122-1. The parties filed similar motions to seal portions of
4  their class certification briefs that relied on this same information. *See* Dkt. Nos. 127, 131. The
5  Court first addresses Defendant's internal sales and marketing data and then Plaintiff's deposition
6  excerpts.

### A. Sales and Marketing Data

Plaintiff seeks to redact Exhibits A and F because they contain internal sales and marketing data that Defendant designated as "Confidential" under the protective order. *See* Dkt. No. 122-1 ¶ 3. Designating party and Defendant Quincy Biosciences, LLC did not file a declaration in support of Plaintiff's motion to seal, as required in this situation under the Local Rules. *See* Civ. L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."). The Court has previously cautioned the parties to strictly comply with Local Rule 79-5 when seeking to file documents under seal. *See* Dkt. No. 61. The Court, therefore, does not find compelling reasons to seal these exhibits or the related portions of the parties' class certification motions.

### B. Deposition Transcript

Plaintiff also seeks to redact portions of Exhibit K, his deposition transcript, because the parties have agreed that it should be designated "Confidential" under the protective order. Dkt. No. 122-1 ¶ 5. Plaintiff clarifies in his related motion to seal portions of the reply brief that these deposition excerpts "should remain confidential as [they] contain[] non-public personal information that Plaintiff asserts could potentially adversely affect him in his professional career." Dkt. No. 131-1 ¶ 3; *see also* Dkt. No. 127-1 ¶ 3. The Court does not find support for this characterization: the identified portions of the deposition reveal nothing more than that Plaintiff is the named plaintiff in this action. The Court finds that Plaintiff has not carried his burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178.

**III. CONCLUSION**

Accordingly, the Court **DENIES** the administrative motions to seal. Under Civil L.R. 79-5(f), "the document[s] sought to be sealed will not be considered by the Court unless the Submitting Party files an unredacted version of the document[s] within 7 days after the motion is denied."

**IT IS SO ORDERED.**

Dated: 11/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge