UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES,<br><br>    Plaintiff,<br><br>    v.<br><br>QUINCY BIOSCIENCE, LLC,<br><br>    Defendant. | Case No. 15-cv-00292-HSG<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 123 |

Pending before the Court is Plaintiff's motion for class certification. For the reasons detailed below, the Court **GRANTS** the motion.

## I. BACKGROUND

On January 21, 2015, Plaintiff Phillip Racies filed this putative class action, bringing claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). According to the First Amended Complaint, Dkt. No. 21, Defendant made false, misleading, and deceptive statements about its brain health supplement, Prevagen. Dkt. No. 21 ("FAC"). Specifically, Plaintiff alleges that, contrary to the product's labeling, Prevagen does not improve memory or brain function because its only active ingredient is digested and transformed into amino acids before it can measurably affect the brain. *Id.* ¶ 3.

The Court denied in part and granted in part Defendant's motion to dismiss on May 19, 2015. *See* Dkt. No. 34. As part of its analysis, the Court pointed out that individuals may not bring suit under the UCL or the CLRA alleging that advertising claims lack substantiation. *Id.* at 4–6. Instead, that right is reserved to "the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney. . . ." Cal. Bus. & Prof. Code § 17508; *see also Nat'l*

*Council Against Health Fraud Inc. v. King Bio Pharms. Inc.*, 107 Cal. App. 4th 1336, 1345 (Cal. Ct. App. 2003).[1] The Court found that Plaintiff's allegations that Defendant misrepresented Prevagen as "clinically tested" were based on a lack of substantiation theory and accordingly dismissed those claims. *See* Dkt. No. 34 at 4–6. The Court nevertheless found that Plaintiff's body chemistry allegations were sufficient. *Id.* at 4–6, 9. The Court then denied the parties' cross motions for partial summary judgment on September 30, 2016. *See* Dkt. No. 89. Plaintiff now moves for class certification. *See* Dkt. No. 142-3.[2]

## II. LEGAL STANDARD

Plaintiff bears the burden of showing by a preponderance of the evidence that class certification is appropriate under Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Class certification is a two-step process. First, a plaintiff must establish that each of the four requirements of Rule 23(a) is met: numerosity, commonality, typicality, and adequacy of representation. *Id.* Second, he must establish that at least one of the bases for certification under Rule 23(b) is met. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Where, as here, a plaintiff seeks to certify a class under Rule 23(b)(3), he must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (quoting *Wal–Mart*, 564 U.S. at 351). Nevertheless, Rule 23 does not permit "free-ranging merits inquiries at the certification stage." *Id.* at 466. "Merits questions may be considered to the extent — but only to the extent — that they are relevant to determining

---

[1] The Ninth Circuit subsequently confirmed that private parties may not bring suit under a lack of substantiation theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (confirming that *King Bio* "is firmly established law in California").

[2] The parties jointly filed amended versions of their class certification motion, reply brief, and related exhibits, as part of their renewed administrative motion to seal. *See* Dkt. No. 142. Having granted the motion to seal, *see* Dkt. No. 147, the Court refers to the amended documents in this order.

2

whether the Rule 23 prerequisites for class certification are satisfied." *Id.* If a court concludes that the moving party has met its burden of proof, the court has broad discretion to certify the class. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

## III. ANALYSIS

Plaintiff seeks to certify the following classes:

> **UCL Multi-State Class:** All consumers who, within the applicable statute of limitations period, purchased Prevagen in California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington until the date notice is disseminated.
>
> **California-Only CLRA Class:** All California consumers who, within the applicable statute of limitations period, purchased Prevagen until the date notice is disseminated.

*See* Dkt. Nos. 123, 142-3. In the alternative, Plaintiff seeks to certify a California-only class for both the UCL and CLRA claims. Plaintiff defines "Prevagen" to include five products that he asserts were marketed as improving memory and supporting healthy brain function: Prevagen Regular Strength, Prevagen Extra Strength, Prevagen Mixed Berry Chewable, Prevagen Extra Strength Chewable, and Prevagen Professional Strength.[3] Plaintiff further seeks appointment as class representative and appointment of the law firms of Bonnett, Fairbourn, Friedman & Balint, P.C., and Siprut, PC as Class Counsel.

Defendant contends that certification of these classes is inappropriate because Plaintiff and the classes fail to satisfy the requirements for a Rule 23(b)(3) class, namely: typicality; predominance; and superiority. The Court addresses each in turn and finds that the requirements of Rule 23(a) and Rule 23(b)(3) have been met in this case.

### A. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether

---

[3] Plaintiff concedes that Prevagen Extra Strength Chewable and Prevagen Professional Strength were not originally identified in the complaint. *See* Dkt. No. 142-3 at 1, n.1.

1    other members have the same or similar injury, whether the action is based on conduct which is
2    not unique to the named plaintiffs, and whether other class members have been injured by the
3    same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)
4    (quotation omitted). That said, under the "permissive standards" of Rule 23(a)(3), the claims
5    "need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.
6    1998) (quotation omitted).

       Defendant contends that Plaintiff's claims are not typical of the class because he "is subject to unique defenses which threaten to become the focus of the litigation." Dkt. No. 128 at 34 (citing *Hanon*, 976 F.2d at 508). In particular, Defendant states that Plaintiff relied on non-actionable representations that Prevagen was "clinically tested" rather than on representations about Prevagen's potential brain health benefits. Defendant thus argues that Plaintiff lacks standing to represent the proposed classes. Defendant also suggests that Plaintiff's claims are not typical because he did not take the product as directed. The Court is not persuaded by either argument.

       First, the evidence suggests that Plaintiff was motivated to purchase Prevagen, at least in part, because of what "the ingredients in Prevagen [were] advertised to deliver." *See* Dkt. No. 142-9, Ex. 1 at 13:22–14:2, 15:3–5. He did not exclusively rely on statements that the product was "clinically tested," but also on representations that the product "[i]mproves memory" and "[s]upports healthy brain function," a "[s]harper mind," and "[c]learer thinking." *See* Dkt. No. 145, Ex. K at 85:6–20, 88:11–20. Even if Plaintiff also relied on Defendant's representations that its products were "clinically tested" to improve memory, that does not prevent Plaintiff from representing the classes in this action because "[i]t is not . . . necessary that [the plaintiff's] reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor influencing his conduct . . . . It is enough that the representation has played a substantial part, and so had been a substantial factor, in influencing his decision." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (Cal. 2009). Because Prevagen is not marketed for uses other than improving brain health and memory, it follows that representations about these purported benefits were a "substantial factor" in Plaintiff's — and all consumers' — purchasing decision. Second,

4

the manner in which Plaintiff took the product is not at issue in this case. Under both the UCL and the CLRA, the relevant inquiry and related injury occurs at the time the consumer purchased the product based on the product label. *Cf. Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 329 (Cal. 2011) ("A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging . . . that he or she would not have bought the product but for the misrepresentation."); *Johns v. Bayer Corp.*, 280 F.R.D. 551, 557 (S.D. Cal. 2012) (finding typicality satisfied where proposed class "paid money to purchase the [defendant's product]").

The Court finds that Plaintiff's claims are "reasonably coextensive" with those of the proposed class members and that, therefore, Plaintiff has satisfied the typicality requirement.

### B. Predominance

Under Rule 23(b)(3), a plaintiff seeking to certify a class must show that questions of law or fact common to the members of the class "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. —, 136 S. Ct. 1036, 1045 (2016) (quotation omitted). The Supreme Court has defined an individual question as "one where members of a proposed class will need to present evidence that varies from member to member . . . ." *Id.* (quotation omitted). A common question, on the other hand, "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.* (quotation omitted).

Here, Plaintiff seeks to certify classes of consumers for both its UCL and CLRA claims. California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code §§ 17200 *et seq.* The CLRA, in turn, prohibits any "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code §§ 1770 *et seq.* Both claims

require Plaintiff to prove that Defendant's advertising was either false or misleading. *See, e.g.*, *King Bio*, 107 Cal. App. 4th at 1342. This is an objective standard, asking whether the representations would be material to a reasonable consumer. *See In re Tobacco II Cases*, 46 Cal. 4th at 327; *Kwikset*, 51 Cal. 4th at 332. Plaintiff contends that, accordingly, this case involves common questions and common evidence about the falsity of Defendant's statements (in short, whether Defendant's products provide the brain health benefits that Defendant claims they do). Defendant contends that common issues of fact do not predominate because this case necessarily involves an individualized determination as to whether class members were exposed to misleading advertisements and whether they relied on those advertisements in purchasing Prevagen.

### i. Questions of Fact

#### a. Materiality

Defendant first argues that Plaintiff cannot use common evidence to establish that its representations are material, arguing that some putative class members may have purchased Prevagen because the product was clinically tested and not simply for its purported brain health benefits. *See* Dkt. No. 128 at 19–21. However, California's consumer protection laws evaluate materiality under a reasonable person standard, not on an individualized basis. *See In re Tobacco II Cases*, 46 Cal. 4th at 327; *Kwikset*, 51 Cal. 4th at 332. Moreover, the Court is not persuaded by Defendant's artificial distinction between representations that Prevagen is clinically tested to improve brain health and its claims that Prevagen improves brain health for purposes of materiality. *See* Dkt. No. 128 at 20. Prevagen is only marketed for use as a supplement that improves brain health and memory. Accordingly, Plaintiff has met his burden of showing that the challenged representations about Prevagen's purported improvements to memory and brain health would be material to a reasonable consumer in making his purchasing decision. *See In re Tobacco II Cases*, 46 Cal. 4th at 326.

#### b. Reliance

Defendant similarly argues that Plaintiff cannot establish that all class members relied on Defendant's representations about Prevagen's health benefits rather than the non-actionable representations that the product was clinically tested. *See* Dkt. No. 128 at 19–20. Reliance is an

essential element of both the UCL and CLRA and "is proved by showing that the defendant's misrepresentation or nondisclosure was an immediate cause of the plaintiff's injury-producing conduct." *In re Tobacco II Cases*, 46 Cal. 4th at 326. A plaintiff is entitled to a presumption of reliance if material representations were made to class members. *Id.*; *see also Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 595 (9th Cir. 2012).

Defendant contends that reliance cannot be presumed in this case because consumers have individualized reasons for purchasing Prevagen. As discussed above, the Court finds that Plaintiff has shown that the representations at issue were material. And at a minimum, everyone who purchased Prevagen would have been exposed to the brain health claims that appeared on its products. The predominant issue in this case is whether such representations are false or misleading, not whether consumers were also persuaded to purchase Prevagen because these representations were substantiated by clinical testing. *See, e.g.*, *In re Ferrero Litig.*, 278 F.R.D. 552, 560 (S.D. Cal. 2011) (finding predominance satisfied where class members had "common contention" that defendant "made a material misrepresentation regarding the nutritious benefits of Nutella® that violated the UCL, FAL and the CLRA" and "any injury suffered by a class member in this case stems from Defendant's common advertising campaign of Nutella®"). The Court finds that a presumption of reliance is therefore warranted.

### c. Falsity

Defendant argues that Plaintiff has not established predominance because proving falsity will entail individual questions rather than common evidence about the scientific literature. Defendant recognizes that in a false advertising case, "[t]he falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence." *King Bio*, 107 Cal. App. 4th at 1348. However, Defendant contends that the scientific literature about Prevagen is "equivocal," and therefore incapable of establishing falsity. *See* Dkt. No. 128 at 17–18, 22–23. Because Plaintiff did not conduct his own tests of Prevagen's efficacy, Defendant posits that Plaintiff will have to rely on anecdotal evidence about class members' individual experiences. *See* Dkt. No. 128 at 21–24.

In support of this argument, Defendant cites *In re GNC Corp.*, 789 F.3d 505, 516 (4th Cir.

7

2015), and *Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-CV-709-CAB-RBB, 2017 WL 3622226, at *2–*6 (S.D. Cal. Aug. 23, 2017). In both cases, the courts concluded that "in order to state a false advertising claim on a theory that representations have been proven to be false, plaintiffs must allege that all reasonable experts in the field agree that the representations are false." *In re GNC Corp.*, 789 F.3d at 516; *see also Korolshteyn*, 2017 WL 3622226, at *3, n.2. Because the Court denied the parties' motions for summary judgment in this case, Defendant concludes that the Court has already determined that the scientific literature is equivocal. *See* Dkt. No. 128 at 22–23, & n.5.

The Court is not persuaded by *In re GNC* or *Korolshteyn*, and does not believe the California Supreme Court would adopt their reasoning. *Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir. 2000) ("[W]e must predict as best we can what the California Supreme Court would do in these circumstances."). Under the UCL and CLRA, Plaintiff "has two lines of attack." *See Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 893 (N.D. Cal. 2016). He "may prove that [Defendant's] claims are literally false if a reasonable jury concludes all *reasonable* scientists agree" that its products do not provide the stated health benefits, or he may "prove that the purported health claims . . . are *misleading* by showing that the vast weight of competent evidence establishes that those health claims are false." *Id.* at 894–95. In either case, the jury determines whether Plaintiff carries his burden. Although a plaintiff may fail to carry his burden to prove falsity if the scientific evidence is ultimately inconclusive, *see King Bio*, 107 Cal. App. 4th at 1345, the mere existence of an expert or experts who support the defendant's representations should not insulate a defendant from false advertising claims or foreclose class certification. In its summary judgment ruling, the Court did not conclude that the scientific record was "equivocal," and may not substitute itself as factfinder on a motion for class certification simply because both parties have proffered scientific evidence. *Cf. Mullins*, 178 F. Supp. 3d at 893; *see also Zakaria v. Gerber Prod. Co.*, No. LACV1500200JAKEX, 2015 WL 4379743, at *2 (C.D. Cal. July 14, 2015). Accordingly, at trial, Plaintiff may present commonly-applicable evidence, including his expert's opinion that basic scientific principles show that Prevagen cannot provide the benefits claimed, to establish the falsity of Defendant's efficacy representations. This further supports a

8

1 finding of predominance.

### ii. Questions of Law

Defendant also contends that a nationwide class cannot be certified for the UCL claim as Plaintiff urges because California law cannot be applied nationwide. To apply California law on a classwide basis, Plaintiff must show that "California has significant contact or significant aggregation of contacts to the claims of each class member." *Mazza*, 666 F.3d at 590. If Plaintiff makes this showing, then Defendant must demonstrate that foreign law, rather than California law, should apply because the interests of those states outweigh the interests of California. *Id.* In weighing states' interests, the Court applies California's three-part choice-of-law analysis: (1) whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different; (2) if there is a difference, examine whether each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists; and (3) if there is a true conflict, evaluate and compare the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were not applied, and then apply the law of the state whose interest would be more impaired. *Id.*

Defendant's argument against nationwide class certification is twofold. First, Defendant contends that Plaintiff has not made any showing that California has significant contact to the claims of class members. *See* Dkt. No. 128 at 25–30. Second, Defendant argues that there are conflicts between California consumer protection laws and those of other states. *Id.* The Court agrees that Plaintiff has not met his initial burden of establishing that "California has a constitutionally sufficient aggregation of contacts to the claims of each putative class member in this case" to warrant application of California law. Plaintiff ignores this threshold requirement entirely, *see* Dkt. No. 132 at 9–11, and the Court finds no evidence in the record to support a finding of sufficient contacts where Defendant is based in Wisconsin, FAC ¶ 21, and consumers purchased the product across the country. *Cf. In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-LHK, 2017 WL 5235649, at *20 (N.D. Cal. Nov. 10, 2017) (finding sufficient aggregation of contacts where "defendant's principal place of business is in California, [defendant] made

9

business decisions related to its anticompetitive conduct in California, and [defendant] negotiated the licenses at issue in California"); *In re POM Wonderful LLC Mktg. & Sales Practices Litig.*, No. MDL 2199, 2012 WL 4490860, at *3 (C.D. Cal. Sept. 28, 2012) (same). Because Plaintiff has not met his initial burden under the choice-of-law analysis, the Court need not consider whether there are material differences in state law. The Court concludes that a nationwide class is not justified given the current record before the Court.

### C. Superiority

The superiority requirement tests whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court considers four non-exclusive factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Id.* "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d. 1227, 1235 (9th Cir. 1996).

Here, Defendant focuses on the fourth factor, stating that identifying class members would be difficult because "Prevagen is primarily sold by third-party retailers," some individuals may be satisfied with the product, and any who are dissatisfied could seek a refund. Dkt. No. 128 at 31–34. That there may be some difficulty in identifying all class members is not dispositive: the Ninth Circuit recently rejected a similar argument that plaintiffs must identify an administratively feasible way to determine who is in the class in order to satisfy the requirements of Rule 23. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017) ("[T]he language of Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification."). That some individuals may like the product is similarly irrelevant. Under Plaintiff's theory of the case, "all the Prevagen Products are worthless" and any benefit would be attributable to the placebo effect. *See* Dkt. No. 132 at 13; *see also Simeon Mgmt. Corp. v. F.T.C.*, 579 F. 2d 1137, 1143 (9th

10

Cir. 1978) ("Anecdotal evidence, such as testimonials by satisfied patients or statements by doctors that, based on their experience, they 'believe' a drug is effective" are not deemed reliable evidence of efficacy). A refund is also not a superior alternative to *adjudicating* class members' claims. *See, e.g.*, *Korolshteyn v. Costco Wholesale Corp.*, No. 3:15-CV-709-CAB-RBB, 2017 WL 1020391, at *8 (S.D. Cal. Mar. 16, 2017) ("[A]llowing class members to obtain a refund is not an alternative to 'adjudicating.' If it were, then Costco (and any retail store) could freely misrepresent the benefits of their products secure in the knowledge that their return policy effectively immunizes them from any suit seeking restitution."). The Court finds that the superiority factors are met in this case.

### D. Relevant Prevagen Products

In his motion for class certification, Plaintiff defines the proposed class as consumers who purchased "Prevagen" during the relevant time period. Plaintiff defines "Prevagen" to include five of Defendant's Prevagen products, including two that he did not list in his complaint: Prevagen Extra Strength Chewable and Prevagen Professional Strength. Defendant contends that extending the classes to include these two products would violate due process. *See* Dkt. No. 128 at 25. The Court finds that Plaintiff has not presented any cogent reason to add two additional products at this late stage in the litigation. When pressed for an explanation of the delay during the hearing on this motion, Plaintiff responded that he discovered these two additional products sometime in April 2017. Yet he did not seek to add them to the case until his class certification brief, filed on September 15, 2017. *See* Dkt. No. 123. The Court finds that such a delay is unreasonable, and that Plaintiff may not add new products to the case through his class certification motion. The Court nevertheless finds that class certification is warranted for Prevagen Regular Strength, Prevagen Extra Strength, and Prevagen Mixed Berry Chewable.

///
///
///
///
///

11

## IV. CONCLUSION

The Court finds that all the requirements of Federal Rule of Civil Procedure 23(a) and Rule 23(b)(3) have been met in this case. Accordingly, the Court **GRANTS** Plaintiff's motion for class certification and certifies the following class for both Plaintiff's UCL and CLRA claims:

> All California consumers who, within the applicable statute of limitations period, purchased Prevagen Regular Strength, Prevagen Extra Strength, or Prevagen Mixed Berry Chewable.

The Court appoints Plaintiff Phillip Racies as Class representative and the law firms of Bonnett, Fairbourn, Friedman & Balint, P.C., and Siprut, PC as Class Counsel in this action. The Court also **SETS** a further case management conference on January 16, 2018, at 2:00 p.m. The parties shall meet and confer and submit a joint case management statement by January 9, 2018. The joint statement should include a proposed case schedule through trial, as well as a brief discussion of any outstanding issues to resolve before trial.

**IT IS SO ORDERED.**

Dated: 12/15/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge