UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES,<br>        Plaintiff,<br>    v.<br>QUINCY BIOSCIENCE, LLC,<br>        Defendant. | Case No. 15-cv-00292-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR BENCH TRIAL**<br><br>Re: Dkt. No. 153 |

Pending before the Court is Plaintiff's motion for a bench trial. Dkt. No. 153 ("Mot."). For the following reasons, the Court DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff Philip Racies filed a class action complaint on January 21, 2015, bringing claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), and Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). Dkt. No. 1. Plaintiff alleges that Defendant made false, misleading, and deceptive statements about its brain health supplement, Prevagen. Dkt. No. 21 ("FAC"). Specifically, Plaintiff alleges that, contrary to the product's labeling, Prevagen does not improve memory or brain function because its only active ingredient is digested and transformed into amino acids before it can measurably affect the brain. *Id.* ¶ 3. On December 15, 2017, the Court certified the following class for both Plaintiff's UCL and CLRA claims:

> All California consumers who, within the applicable statute of limitations period, purchased Prevagen Regular Strength, Prevagen Extra Strength, or Prevagen Mixed Berry Chewable.

Dkt. No. 148 at 12. On March 1, 2018, Plaintiff filed the currently-pending motion for a bench trial.

## II. LEGAL STANDARD

### A. Federal Right to a Jury Trial

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (some internal quotation marks omitted).

### B. Bench Trials

"A proper demand [for a jury trial] may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d); *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1530–31 (9th Cir. 1995) ("Once a demand [for a jury trial] has been made, it may only be withdrawn through an oral or written stipulation by all parties."). "The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). "In the Federal courts this (jury) right cannot be dispensed with, except by the parties entitled to it." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (parentheses in original).

"Since the right to jury trial is a constitutional one," and "no similar requirement protects trials by the court," the discretion of the Court to try equitable issues separately to the bench "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Id.* at 510. The Ninth Circuit has concluded that once demanded, "all parties [are] entitled to a jury trial provided the case was one which by its nature was properly triable by a jury." *Travelers Indem.Co. v. State Farm Mut. Auto Ins. Co.*, 330 F.2d 250, 258 (9th Cir. 1964). Further, the court in *Travelers* affirmed that "[t]hat demand could not be withdrawn without the consent of all parties." *Id.*

## III. DISCUSSION

In the FAC, Plaintiff made a demand for a jury trial. FAC at 17. On June 16, 2015, Defendant's answer to the FAC also demanded a jury trial. Dkt. No. 40 at 17. Defendant reasserts its demand in its opposition to the current motion. Dkt. No. 156 at 3.

Plaintiff, despite demanding restitution and injunctive relief under the UCL as well as damages under the CLRA, *see* FAC ¶¶ 63, 71, now seeks to proceed only on the UCL restitution claims. Mot. at 1. Plaintiff asserts that Defendant's jury demand is of no effect because there is no right to a jury trial if Plaintiff seeks only equitable remedies. Dkt. No. 157 at 1.

Plaintiff does not seek to amend or dismiss any portion of the FAC in order to drop the CLRA damages claims. Rather, Plaintiff seeks to proceed separately to trial on equitable claims under the UCL without dropping the CLRA damages claims.[1]

"[L]egal and equitable issues can be tried at the same time, the jury (if one has been demanded), rendering a verdict on the legal issues, and the court rendering a decision on the equitable issues." *DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 835 (9th Cir. 1963). In a suit such as this, where Plaintiff continues to assert both legal and equitable remedies, the right to a jury trial on the legal issues should not "be denied to a federal litigant on the ground that the case reached court only through equity, or because equitable rights are involved, or because the legal issues are 'incidental' to the equitable issues, or because substantive equitable remedies are sought, or by the device of trying the equitable issues first." *Id.* at 835–36.

So long as Plaintiff continues to assert claims for damages under the CLRA, the Court finds no justification for Plaintiff to proceed in a bench trial on some purported equitable subset of Plaintiff's claims. Given Defendant's valid and unrevoked demand for a jury trial, the Court DENIES Plaintiff's motion for a bench trial.

---

[1] Plaintiff asserts that "[o]ne cannot seek both damages and restitution where, as here, the products at issue are allegedly worthless as the courts have found these means of monetary relief to be essentially the same in the context of the UCL and CLRA." Mot. at 1. Plaintiff cites no precedent supporting this proposition, and the Court is not persuaded that because a damages claim is co-extensive with a claim for restitution, Plaintiff may proceed on either claim at its option without narrowing claims via amendment or dismissal.

3

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a bench trial.[2] The Court **SETS** a case management conference for February 19, 2019 at 2:00 p.m. to set the case schedule through trial. The Court **DIRECTS** the parties to file a joint case management statement including a proposed schedule on or before February 12, 2019.

**IT IS SO ORDERED.**

Dated: 1/30/2019

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court determines that Plaintiff cannot sever its UCL restitution claims for the purposes of a bench trial, as discussed in Section III. Because it is unnecessary to decide the present motion, the Court does not address the question of whether Plaintiff's CLRA damages claim provides an adequate remedy at law precluding Plaintiff from proceeding under the UCL.

4