UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP RACIES,<br><br>    Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE, LLC,<br><br>    Defendant. | Case No. 15-cv-00292-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 197, 203, 208 |

The parties filed administrative motions to file documents under seal in connection with their motions *in limine*. Dkt. Nos. 197, 203, 208. The Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal, as described below.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the parties move to file documents related to their motions *in limine*, the Court will apply the lower good cause standard.

### A. Plaintiff's Motion to File Under Seal Portions of Plaintiff's Motions *in Limine* Nos. 1 and 2 and Exhibits 1 and 2 (Dkt. No. 197)

Plaintiff seeks to file under seal Exhibits 1 and 2 to the Declaration of Patricia N. Syverson in Support of Plaintiff's Motions *in Limine* Nos. 1 and 2, and portions of his first and second motions *in limine* which reference the proposed sealing material. Dkt. No. 197. Exhibits 1 and 2 contain Prevagen California sales information and have been designated by Defendant as "Confidential." Dkt. No. 197-1 ¶¶ 4–5. Defendant submitted its supporting Rule 79-5 declaration, establishing that the sales information contains sensitive and confidential information "not known to the public or competitors of Defendant regarding its approximate amounts of sales to third-party retailers." Dkt. No. 207 ¶ 8. According to Defendant, revealing this information would injure its interests and standing in the marketplace. *Id.*

The Court finds that there is good cause to seal confidential sales information, because if

2

the information is published, this may harm Defendant's competitive standing. *See, e.g.*, *FTC v. Qualcomm Inc.,* No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal as information may "divulge[] terms of confidential contracts, contract negotiations, or trade secrets"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015). With respect to the first and second motions *in limine* and Exhibit 1, these documents appear to have been narrowly tailored to seal only sealable material (the sales information), as required by Civil Local Rule 79-5. However, the Court does not find that Exhibit 2 has been narrowly tailored to only seal the sales information. Exhibit 2 contains one chart with sales information, but the remaining pages reflect communications between the parties which do not expressly disclose the sealable information. *See* Dkt. No. 197-8.

The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to seal Exhibits 1 and 2 and portions of Plaintiff's first and second motions *in limine*.

### B. Defendant's Motion to File Under Seal Exhibit 1 (Dkt. No. 203)

Defendant moves to file under seal Exhibit 1 to the Declaration of Joshua G. Simon in Support of Defendant's Motion *in Limine* No. 3. Dkt. No. 203. The only proffered justification for sealing is that the information was designated as "Highly Confidential" by Plaintiff. Dkt. No. 203-1 ¶ 3. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Defendant's motion does not comply with Civil Local Rule 79-5(d)(1)(A). In addition, as the designating party for the materials, Plaintiff did not comply with Civil Local Rule 79-5(e)(1), because he did not file a declaration within four days of Defendant's motion. *See* Civ. L.R. 79-5(e)(1).

Accordingly, the Court **DENIES** Defendant's motion to seal Exhibit 1.

### C. Plaintiff's Motion to File Under Seal Portions of Plaintiff's Opposition to Defendant's Motion *in Limine* No. 1 and Exhibits 1, 2 and 4 (Dkt. No. 208)

Plaintiff also asks the Court to file under seal portions of his opposition to Defendant's Motion *in Limine* No. 1 and Exhibits 1, 2, and 4 attached to the Declaration of Patricia N. Syverson in Support of Plaintiff's Opposition to Defendant's Motion *in Limine* No. 1. Dkt. No. 208. The only basis Plaintiff proffers for sealing is that Defendant designated the materials as confidential. Dkt. No. 208-1 ¶¶ 3–6. Defendant did not submit its supporting Rule 79-5 declaration. *See* Civ. L.R. 79-5(e)(1).

As already discussed, a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). Accordingly, the Court **DENIES** Plaintiff's motion to seal.

### III. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's administrative motion to file under seal portions of Plaintiff's Motions *in Limine* Nos. 1 and 2 and Exhibits 1 and 2, Dkt. No. 197; **DENIES** Defendant's administrative motion to file under seal Exhibit 1 to the Declaration of Joshua G. Simon in Support of Defendant's Motion *in Limine* No. 3, Dkt. No. 203; and **DENIES** Plaintiff's administrative motion to file under seal portions of Plaintiff's Opposition to Defendant's Motion *in Limine* No. 1 and Exhibits 1, 2, and 4, Dkt. No. 208.

The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. The parties may also file new motions to seal within seven days of this order according to the requirements discussed above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 12/16/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge