UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP RACIES,

         Plaintiff,

    v.

QUINCY BIOSCIENCE, LLC,

         Defendant.

Case No. 15-cv-00292-HSG

**FINAL JURY INSTRUCTIONS**

# INSTRUCTION NO. 1

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

By way of reminder, I will give you a brief summary of the position of the parties:

This is a class action lawsuit. Plaintiff Phillip Racies, on behalf of himself and other California purchasers of the dietary supplement Prevagen®, asserts that Defendant Quincy Bioscience, LLC violated the Consumers Legal Remedies Act because Plaintiff contends that Defendant has made false or misleading statements about the benefits of Prevagen.

Specifically, Plaintiff contends that Prevagen labels represent, among other things, that Prevagen "improves memory." Plaintiff contends that the statement is false because apoeaquorin, the active ingredient in Prevagen, cannot work because it is completely destroyed by the human digestion process and cannot pass through the human blood brain barrier.

Defendant denies Plaintiff's allegations and denies that the label statements are false or misleading. Defendant contends that Plaintiff cannot meet his burden to prove that Prevagen does not improve memory or cognitive function for any consumers.

**INSTRUCTION NO. 3**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 4**

**LIBAILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

**INSTRUCTION NO. 5**

**"CLASS ACTION" DEFINED**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiff Philip Racies brings this action as the class representative.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class testified. You may assume that the evidence at this trial applies to all class members. All members of the class will be bound by the result of this trial.

In this case, the class consists of the following:

> All California consumers who, within the time period of January 21, 2012 to May 7, 2019, purchased Prevagen Regular Strength, Prevagen Extra Strength, or Prevagen Mixed Berry Chewable.

United States District Court
Northern District of California

**INSTRUCTION NO. 6**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 7**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**INSTRUCTION NO. 8**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 9**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence was admitted only for a limited purpose.  When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

## INSTRUCTION NO. 10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

# INSTRUCTION NO. 11

# RULINGS ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 12

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 13**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering testimony of any witness you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner in testifying;

(4) The witness's interest in the outcome of the case;

(5) The witness's bias, if any;

(6) Whether other evidence contradicted the witness's testimony;

(7) The reasonableness of the witness's testimony in light of all the evidence; and

(8) Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 14**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has lied under oath or given inconsistent testimony may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 15**

**EXPERT OPINION**

You have heard testimony from Richard P. Bazinet, Ph.D., who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**INSTRUCTION NO. 16**

**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1                                    **INSTRUCITON NO. 17**

2                                     **JUDICIAL NOTICE**

The Court has decided to accept as proved the fact that September 24, 2014 was a Wednesday.  You must accept this fact as true.

**INSTRUCTION NO. 18**

**CONSUMERS LEGAL REMEDIES ACT—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that Defendant violated provisions of California's Consumers Legal Remedies Act. To establish this claim, Plaintiff must prove by a preponderance of the evidence all of the following:

1. Defendant made representations about the brain health benefits of its Prevagen products on the packaging;

2. The representations were false or misleading because the products at issue did not have the brain health benefits as represented;

3. Defendant's representations were material to a reasonable consumer; and

4. Defendant's representations were a substantial factor in causing Plaintiff and the Class Members harm.

Plaintiff and the Class Members' harm resulted from Defendant's conduct if they relied on Defendant's representations. To prove reliance in a class action, Plaintiff need only prove that he relied on Defendant's representations, and that Class Members have been exposed to the same representations. Plaintiff relied on Defendant's representation if the representation was a substantial factor in his decision. He does not need to prove that it was the primary factor or the only factor in the decision.

If Defendant's representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy the goods.

A reasonable consumer is an ordinary consumer acting reasonably under the circumstances, and is neither the most nor the least sophisticated consumer.

**INSTRUCTION NO. 19**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff under the Consumers Legal Remedies Act, you must determine Plaintiff and Class Members' damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate Plaintiff and Class Members for any injury you find was caused by Defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# INSTRUCTION NO. 20

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 21

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed

United States District Court
Northern District of California

during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## INSTRUCTION NO. 22

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 23**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  Please answer the questions in the order in which they appear.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: 1/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge