UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP RACIES,

    Plaintiff,

v.

QUINCY BIOSCIENCE, LLC,

    Defendant.

Case No. 15-cv-00292-HSG

**ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 263

Defendant filed an administrative motion to file documents under seal in connection with its brief concerning a dispute over whether Defendant may cross examine Plaintiff on his medical condition. Dkt. No. 263. For the reasons articulated below, the Court **DENIES** the motion.

**I.  LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because Defendant moves to file documents related to a nondispositive motion, the Court will apply the lower good cause standard. Defendant seeks to file under seal Exhibit A to the Declaration of Joshua G. Simon in support of Defendant's brief concerning Plaintiff's objection, and portions of its brief which purportedly reference the proposed sealing material. Dkt. No. 263, 263-1. The only proffered justification for sealing is that the information was designated as "Highly Confidential" by Plaintiff. Dkt. No. 263-1 ¶ 3. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Defendant's motion does not comply with Civil Local Rule 79-5(d)(1)(A). In addition, as the designating party for the materials,

Plaintiff did not comply with Civil Local Rule 79-5(e)(1), because he did not file a declaration within four days of Defendant's motion. *See* Civ. L.R. 79-5(e)(1).

Further, the Court has reviewed Exhibit A and does not believe it contains confidential information concerning Plaintiff's medical condition, and therefore does not warrant sealing. Accordingly, the Court **DENIES** Defendant's motion to seal Exhibit A and the unredacted version of its brief.

### III. CONCLUSION

The Court **DENIES** Defendant's administrative motion to file under seal. Dkt. No. 263. The Court **DIRECTS** Defendant to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Defendant may also file a new motion to seal within seven days of this order according to the requirements discussed above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 2/20/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge